UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BURKHOLDER, | ) | CASE NO. 3:14-CV-2080 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| | ) | |
| ED SHELDON, Warden, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Vecchiarelli. (ECF #15.) The Report and Recommendation, submitted on March 14, 2016, is hereby ADOPTED by this Court. Petitioner's objections, filed on April 26, 2016, (ECF #18), are OVERRULED. As such, Petitioner's 28 U.S.C. § 2254 habeas corpus petition is DISMISSED with prejudice.

**Procedure and Factual Background**

As set forth by Magistrate Judge Vecchiarelli in her Report and Recommendation, the factual and procedural history of this case is as follows:

**A.    State Court Proceedings**

In November 2010, the state issued an indictment charging Petitioner with one count of rape (Count One) and one count of gross sexual imposition (Count Two). (ECF # 10-3.) Petitioner entered a plea of not guilty on both counts. Petitioner was tried by jury in August 2011. The jury found him guilty of both counts. (ECF #10-4.) The trial court sentenced Petitioner to life imprisonment without the possibility of parole for Count One and to an additional, consecutive five year imprisonment for Count Two. (ECF #10-5.)

Petitioner, through new counsel, filed a timely notice of appeal. (ECF # 10-8). In April 2013, the state appellate court affirmed Petitioner's convictions and sentences on both counts. (ECF #10-13.) Petitioner, *pro se*, field a timely notice of appeal in the Ohio Supreme Court. (ECF #10-15.) In September of 2013, the Ohio Supreme Court declined to exercise jurisdiction and dismissed the case. (ECF #10-17.)

In June 2013, Petitioner, *pro se*, filed a timely application to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure. Petitioner claimed that his appellate counsel was ineffective for failing to raise certain assignments of error on direct appeal. (ECF #10-18.) In August 2013, the Ohio appellate court denied Petitioner's application. (ECF #10-20.) Petitioner then filed a timely notice of appeal to the Ohio Supreme Court. (ECF #10-22.) In November 2013, the Ohio Supreme Court declined jurisdiction. (ECF #10-24.)

### B. Federal Habeas Corpus Petition

In September 2014, Petitioner, *pro se*, filed his 28 U.S.C. § 2254 habeas corpus petition in this Court. (ECF #1.) He asserts the following four grounds for relief:

> I. The trial court erred in failing to remove juror #20 . . . for cause.
> II. Petitioner was denied effective assistance of counsel at trial.
> III. The trial court erred in its decision admitting evidence of petitioner's prior convictions.
> IV. Appellant [sic] counsel provide[d] ineffective assistance by failing to properly raise constitutional errors to the Ohio Court of Appeals.

(*Id.* at 6, 10, 12, 18 (name of juror omitted).) In December 2014, the State filed an Answer/Return of Writ. (ECF #10.) In February 2016, Petitioner filed a Traverse. (ECF #13.)

### C. Report and Recommendation

Pursuant to 28 U.S.C. § 636 and Local Rule 72.2, this matter was referred to Magistrate Judge Vecchiarelli for the preparation of a Report and Recommendation. Magistrate Judge

2

Vecchiarelli issued her Report and Recommendation on March 14, 2016, recommending that Petitioner's Writ of Habeas Corpus be denied with prejudice. (ECF #15.)

In her Report and Recommendation, Magistrate Judge Vecchiarelli found that Petitioner's first and third grounds were not fairly presented to the state courts as constitutional violations, and therefore were unexhausted and procedurally defaulted. (ECF # 15.) Additionally, Magistrate Judge Vecchiarelli found that Ground Three of Petitioner's habeas corpus petition was not cognizable for federal habeas corpus review because it was based on a state court evidentiary ruling made pursuant to state law. *See Moreland v. Bradshaw*, 699 F. 3d 908, 923 (6th Cir. 2012) ("[a]lleged errors in evidentiary rulings by state courts are not cognizable in federal habeas review"). Here, the state appellate court, the last state court to review Petitioner's evidentiary claim, held that the trial court properly applied Ohio law in allowing the State to introduce evidence of Petitioner's prior conviction for gross sexual imposition after finding that "the probative value of the evidence substantially outweighed the danger of any unfair prejudice" and that the trial court's ruling was "justified by the evidence." *State v. Burkholder*, No. L-11-1216, 2013-Ohio-1589, 2013 WL 1701933, at *3 (Ohio Ct. App. Apr. 19, 2013). Petitioner has not alleged that the trial court's evidentiary ruling violated his federal due process rights, but merely challenges the state court's evidentiary ruling. Accordingly, Magistrate Judge Vecchiarelli did not consider Petitioner's third ground for relief on the merits, but rather recommended that it be dismissed because that claim was not cognizable on federal habeas review.

Despite Petitioner's unexhaustion and procedural default as to Ground One, Magistrate Judge Vecchiarelli chose to consider it on the merits. *See* 28 U.S.C. § 2254(b)(2) (courts may deny unexhausted habeas petitions on the merits). In his first ground, Petitioner alleges that the

trial court's denial of his request to excuse Juror #20 for cause violated his due process right to an impartial jury. Magistrate Judge Vecchiarelli found that Petitioner cannot show that he was actually prejudiced and that absent prejudice, Petitioner's first ground lacked merit.

In order to show that he was prejudiced by Juror # 20's presence on the jury, Petitioner must show that Juror # 20 was actually biased. *See Miller v. Webb*, 385 F. 3d 666, 673 (6th Cir. 2004). Here, Juror #20 initially expressed doubt as to her own ability to be impartial in considering the testimony of the eight year old victim. Juror #20 stated that she would "find it hard to believe that an eight year old would lie about something like that" and that she would assume that such a statement by an eight year old would automatically be true. *Burkholder*, 2013 WL 1701933, at \*\*6-7. However, "[a] juror's express doubt as to her own impartiality on *voir dire* does not necessarily entail a finding of actual bias. The Supreme Court has upheld impaneling of jurors who had doubted, or disclaimed outright, their own impartiality on *voir dire*." *Hughes v. United States*, 258 F.3d 453, 458 (6th Cir. 2001). One a prospective juror makes a statement of partiality during *voir dire*, the trial court must examine the juror further. *Webb*, 385 F.3d at 674. The relevant question then becomes, "did [the] juror swear that [s]he could set aside any opinion [s]he might hold and decide the case on the evidence, and should the juror's protestation of impartiality have been believed." *Patton v. Yount*, 467 U.S. 1025, 1036 (1984). Upon further inquiry by the court, Juror #20 went on to state that she would follow the court's instructions when evaluating the testimony of the child. She stated that she could be fair and impartial "depending on what she says." (ECF #10-7 at 128-29.) Subsequent assurances of impartiality by a juror are presumed to be truthful. *Patton*, 467 U.S. at 1038.

Accordingly, Magistrate Judge Vecchiarelli found that the trial court acted reasonably in denying the challenge of Juror #20 for cause when it found no actual bias after hearing the

4

juror's assurances of impartiality. "A trial courts determination of a juror's credibility is entitled to 'special deference.'" *Id.* Petitioner offers no other evidence to show that he was actually prejudiced as a result of Juror #20 serving on the jury to overcome this determination by the state court. As such, Magistrate Judge Vecchiarelli found that Petitioner has not and cannot show that he was actually prejudiced, and therefore, his first ground for relief should be dismissed.

In addition, Magistrate Judge Vecchiarelli found that Petitioner's first ground should be dismissed, even if Juror #20 was actually biased, because under Ohio law there is no prejudicial error in overruling a challenge for cause, if such ruling does not force the defendant to exhaust his or her peremptory challenges. (ECF #15 *citing Burkholder*, 2013 WL 1701933, at \*\*6-7.) Here, the trial court's ruling did not force Petitioner to exhaust his peremptory challenges. *See Burkholder*, 2013 WL 1701933 at \*7.

In his second ground, Petitioner alleged that his trial counsel was ineffective for failing to use a peremptory challenge to remove Juror # 20 from the jury. Magistrate Judge Vecchiarelli found that this ground should be dismissed because Petitioner cannot demonstrate that "counsel's errors were so egregious that counsel was not functioning as 'counsel' as guaranteed by the Sixth Amendment" or that he was "prejudiced by counsel's errors." *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. However, a court "must indulge the strong presumption that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) quoting *Strickland*, 466 U.S. at 689-90. In fact, the Sixth Circuit has stated that "[c]ounsel is accorded particular deference when conducting *voir dire*. An attorney's actions during *voir dire* are

5

considered to be matters of trial strategy." *Hughes*, 258 F.3d at 457. Magistrate Judge Vecchiarelli found that Petitioner's counsel made appropriate inquires of Juror # 20 and actively participated in *voir dire* as a whole. As such, Magistrate Judge Vecchiarelli recommended that this Ground be dismissed because the Court presumes that counsel made a strategic decision not to remove Juror #20 from the jury and Petitioner offered no evidence to overcome this presumption. (ECF #15.)

Additionally, Magistrate Judge Vecchiarelli found that even if Petitioner can demonstrate that his counsel erred in failing to remove Juror #20 through a peremptory challenge, Petitioner cannot show that he was actually prejudiced as a result. She reasoned that in order to establish prejudice based on counsel's failure to seek removal of a juror, a petitioner must show that the juror was actually biased. *Miller v. Francis*, 269 F.3d 609, 616 (6th Cir. 2001). For the same reasons stated in her recommendation for dismissing Ground One, Petitioner cannot demonstrate that Juror #20 was actually biased. (*See* ECF #15.) As such, Magistrate Judge Vecchiarelli found that Petitioner cannot meet the second prong of the *Strickland* test, and therefore Petitioner's second ground should be dismissed.

In the fourth ground for relief, Petitioner alleged that his appellate counsel was ineffective for failing to raise certain claims on direct appeal. Magistrate Judge Vecchiarelli found that this claim should be dismissed. The same two part test announced in *Strickland* has been applied to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 5827 U.S. 259, 285 (2000). Thus, Petitioner must demonstrate that that appellate counsel's performance was deficient and that the deficient performance so prejudiced his appeal that the appellate proceedings were unfair and the result undesirable. *See Strickland*, 466 U.S. at 687. However, it is within the sound professional judgment of counsel to decide between the available issues,

6

which to bring on appeal. *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). The presumption that appellate counsel was acting within reasonable professional judgment will only be overcome where the potential grounds that were not raised were clearly stronger than those that were actually presented. *Josh v. Dewitt*, 41 F.3d 430, 441 (6th Cir. 2003). Here, Petitioner does not argue and cannot show that the issues that were not raised are clearly stronger than the issues that were raised by counsel on direct appeal. Rather, Petitioner's proposed grounds for appeal are based on his misunderstanding of the law. Accordingly Magistrate Judge Vecchiarelli recommended that Petitioner's fourth ground be dismissed.

Petitioner filed his objections to the Report and Recommendation on April 26, 2016. (ECF #18.) Petitioner objected only to the Magistrate Judge's Report and Recommendation as to the dismissal of Grounds One, Two, and Four on the merits. (*Id.*) Petitioner did not object to the Magistrate Judge's recommendation to dismiss Ground Three. (*Id.*) Respondent did not respond to Petitioner's objections. The Court herein reviews the Report and Recommendation and Petitioner's objections.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). *See also* 28 U.S.C. 636(b)(1) ("[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made"). The text of rule 72(b) addresses only the review of portions of reports to which timely objections have been made; it does not indicate the appropriate standard or review for portions of the report to which no objections have properly been made. The Advisory Committee on Civil Rules commented on the standard of review stating "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citations omitted).

The U.S. Supreme Court, in *Thomas v. Arn*, stated "it does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." 474 U.S. 140, 150 (1985). Accordingly, this Court will review the portions of the Report and Recommendation to which timely objections have been filed *de novo*, and will review the portions of the Report to which no objections have been filed for clear error.

## Discussion

Pursuant to Federal Rule of Civil Procedure 72, this Court has made a *de novo* determination of those portions of the report to which an objection has been made. This Court has reviewed the Report and Recommendation of this case *de novo*, and has considered all of the pleadings, affidavits, motions, and filings of the parties. After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. The Court finds that Petitioner's objections raise no arguments, either factual or legal, that have not already been fully addressed by the Report and Recommendation. Accordingly Magistrate Vecchiarelli's

8

Report and Recommendation is adopted, Petitioner's objections are overruled, and Petitioner's petition is dismissed with prejudice.

### A. Ground Three

Petitioner did not object to the Magistrate Judge Vecchairelli's finding that his third ground for relief is not cognizable for federal habeas review. A habeas corpus petitioner has a "duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Enyart v. Coleman*, 29 F.Supp.3d 1059 (N.D. Ohio 2014) *quoting Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). Here, Petitioner did not point this Court to consider Ground Three. Therefore, the Court need not afford this portion of the Report and Recommendation a *de novo review*. *See id*. The Court finds that there is no clear error on the face of the record with respect to Magistrate Judge Vecchiarelli's recommendation to dismiss Ground Three. Accordingly, for the reasons explained in Magistrate Judge Vecchiarelli's Report and Recommendation, Petitioner's third ground for relief is dismissed.

### B. Objections to Grounds One and Four

Petitioner filed objections to Magistrate Judge Vecchiarelli's Report and Recommendation on Grounds One and Four. (ECF #18 at 1-6, 9-15).) However, in these objections Petitioner merely copied, verbatim, the same arguments he raised in his Traverse. (*Compare* ECF # 11 at 7-10, 25-38 to ECF #18 at 1-6, 9-15).The portions that are copied verbatim, which make up all of Petitioner's supposed "objections" to the Report and Recommendation on Grounds One and Four are not really objections, but rather are merely restatements of Petitioner's prior arguments, which were addressed by Magistrate Judge Vecchiarelli in her Report and Recommendation. An objection "that merely restates the

9

arguments previously presented is not sufficient to alert the Court to alleged errors on the part of the Magistrate Judge." *Jones v. Moore,* No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio, Apr. 7 2006). "Such 'general objections' do not serve the purposes of Federal Rule of Civil Procedure 72(b) . . . and are equivalent to a failure to object." *Cvijetinovic v. Eberlin,* 617 F.Supp.2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds,* 617 F.3d 833 (6th Cir.2010). Magistrate Judge Vecchiarelli has fully and adequately addressed Petitioners arguments on these grounds, and Petitioner has failed to raise any new arguments that refute her findings of fact or law. There is no clear error on the face of the record of Magistrate Judge Vecchiarelli's recommendation to dismiss Grounds One and Four. Accordingly Petitioner's "objections" to Grounds One and Four are overruled and Grounds One and Four are dismissed.

C. **Objections to Ground Two**

Petitioner's objections to Ground Two are a verbatim reproduction of Petitioner's prior arguments, except for one paragraph. As discussed above, verbatim reproductions of previously presented arguments are not considered objections. *Jones,* 2006 WL 903199, at *7. Therefore, the only objection that Petitioner alleges is that "[t]he statement from the Magistrate Judge is contra to its reasoning denying Burkholder's second ground for habeas relief asserting trial counsel failed to use a peremptory change [sic] to remove juror #20."(ECF # 18 at 9.) This objection is in reference to Magistrate Judge Vecchiarelli's statement that Petitioner "cannot demonstrate that the trial court denied his right to an impartial jury by refusing to excuse Juror No. 20 when, despite the court's ruling, Burkholder still could have removed that juror though a peremptory challenge."(ECF # 15 at 20.)

10

However, this finding is not inconsistent or contrary to the Magistrate Judge's reasoning in denying Petitioner's second ground for relief. Sixth circuit precedent states that "counsel is accorded particular deference when conducting *voir dire*. An attorney's actions during *voir dire* are considered to be matters of trial strategy." *Hughes*, 258 F.3d at 547. As such, this Court presumes that Counsel made a strategic decision not to remove Juror # 20 from the jury. While Petitioner's attorney could have removed the juror through a peremptory challenge, it was not mandatory that he do so, and his attorney's strategic choice not to remove Juror #20 through a peremptory challenge was not sufficient to rise to the level of ineffective counsel. Petitioner offers no evidence in his Traverse or in his Objections that can overcome the presumption that counsel's decision to leave Juror #20 on the jury was based on sound professional judgement. Accordingly, Petitioner's objection to Ground Two is overruled and Ground Two is dismissed.

### D.  Certificate of Appealability

In his Objections, Petitioner alleges that he is entitled to a certificate of appealability ("COA") because Magistrate Judge Vecchiarelli "conceded by silence" to granting one. (ECF #18 at 15.) In this assertion, Petitioner is mistaken about the requirements for obtaining a certificate of appealability. The U.S. Supreme Court has stated that "[a] COA will issue *only* if the requirements of § 2253 have been satisfied." *Miller-El v. Cockrell*, 537 U.S. 322 (emphasis added). Therefore, pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims for which Petitioner has requested one. 28 U.S.C. § 2253 provides, in part, as follows:

> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

> (B) The final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(1)-(3). In order to make a substantial showing of the denial of a constitutional right, as required under 28 U.S. C. § 2253 (c)(2), Petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 883 n. 4 (1983)).

In his Objections, Petitioner only requested a certificate of appealability on Grounds One, Two, and Four, all of which Magistrate Judge Vecchiarelli dismissed on the merits. The Court will only consider whether to grant a certificate of appealability as to those grounds. "Where a district court has rejected the constitutional claims on the merits . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Based on the reasoning in the Report and Recommendation explaining why these grounds should be dismissed, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Vecchiarelli, (ECF #15), is hereby ADOPTED. Petitioner's Objections (ECF #18), are

OVERRULED. Accordingly, Petitioner's 28 U.S.C. §2254 federal habeas corpus petition DISMISSED with prejudice.

Further, as explained above, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 30, 2016